***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted September 1, on respondent's amended motion to dismiss appeal as
moot filed July 18, and appellant's response filed August 1; motion to dismiss
denied, appeal affirmed October 5, 2022

In the Matter of C. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. N. C.,
*Appellant.*

Curry County Circuit Court
21JU05459; A178167 (Control)

In the Matter of S. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. N. C.,
*Appellant.*

Curry County Circuit Court
21JU05493; A178169

Cynthia Lynnae Beaman, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sean Connor, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Motion to dismiss denied; appeal affirmed.

**ORTEGA, P. J.**

Father appeals the juvenile court's judgment taking jurisdiction over his two children, challenging the court's determination that father's domestic violence poses a risk of harm to the children. The Department of Human Services asserts that father's appeal is moot because the wardship has since been terminated. Father has identified potential collateral consequences of the judgment that may persist despite termination of the wardship, which shifts the burden back to the department to persuade us that dismissal is warranted because a decision in this case will not have any practical effect on either party. *Dept. of Human Services v. C. A. M.*, 294 Or App 605, 612, 432 P3d 1175 (2018) (citing *Dept. of Human Services v. A. B.*, 362 Or 412, 426-27, 412 P3d 1169 (2018)). The department has not met that burden of persuasion, and we deny the department's motion to dismiss.

On the merits, however, we affirm the jurisdictional judgment. We review the sufficiency of the evidence supporting dependency jurisdiction by "view[ing] the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition," and by then assessing "whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). We defer to the juvenile court's express findings and credibility determinations if "any evidence" supports them, *Dept. of Human Services v. A. J. G.*, 304 Or App 221, 228 n 4, 465 P3d 293, *rev den*, 366 Or 826 (2020), and if "findings are not made on disputed issues of fact and there is evidence from which those facts could be decided more than one way, we will presume that they were decided in a manner consistent with the juvenile court's ultimate conclusion." *State v. S. T. S.*, 236 Or App 646, 655, 238 P3d 53 (2010).

The record in this case supports the juvenile court's conclusion that father's domestic violence has exposed the children to harm and to an ongoing risk of further harm. Father's arguments urge a view of the evidence that is

contradicted on this record and that appears to have been rejected by the juvenile court.

Motion to dismiss denied; appeal affirmed.